**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60286-LEIBOWITZ/AUGUSTIN-BIRCH**

MATTIA TEAGANO,

      **Plaintiff,**

**v.**

**FIT FOOD FRESH INC.**, *et al.*,

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S AMENDED VERIFIED MOTION FOR DEFAULT JUDGMENT**

      This cause comes before the Court on Plaintiff Mattia Teagano's Amended Verified Motion for Default Judgment. DE 16. The Honorable David S. Leibowitz, United States District Judge, referred the Amended Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 17. Having carefully considered the record, the Amended Motion, and Plaintiff Teagano's amended affidavit and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff Teagano's Amended Verified Motion for Default Judgment [DE 16].

**I. Background**

      In his Complaint, Plaintiff Teagano alleges that Defendant Stephen Kaiser is the owner and/or manager of Defendants Fit Food Fresh Inc. and Skystar Marketing, LLC. DE 1 ¶¶ 11–12. Plaintiff Teagano further alleges that he worked for Defendants as a cook and that Defendants knowingly and willfully failed to pay him the minimum and overtime wages to which he was legally entitled. *Id.* ¶¶ 18–20, 22. Plaintiff Teagano also avers that Defendants regularly paid him late. *Id.* ¶ 21. As such, Plaintiff Teagano seeks $33,705.52—comprised of $5,677.71 in unpaid minimum wages, $6,477.90

in unpaid overtime wages, and $21,549.90 in liquidated damages—from Defendants under the Fair Labor Standards Act ("FLSA").[1] DE 9-1.

After Defendants failed to respond to Plaintiff Teagano's Complaint, Judge Leibowitz permitted Plaintiff Teagano to move for a clerk's entry of default. DE 10. Plaintiff Teagano thereafter moved for, and obtained, a clerk's entry of default for Defendants. DE 11; DE 12. Plaintiff Teagano subsequently moved for default judgment, DE 13, but this Court denied without prejudice Plaintiff Teagano's Verified Motion for Default Judgment on account of several deficiencies. *See* DE 15. Afterwards, Plaintiff Teagano filed the present Amended Verified Motion for Default Judgment. DE 16. Defendants have not responded to the Amended Motion, and the time for them to do so has passed.

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a sufficient basis in the pleading for the judgment entered." *Id.* (quotation marks omitted). That is to say, a complaint must be able to survive a motion to dismiss for failure to state a claim in order for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To establish a claim for unpaid minimum and overtime wages under the FLSA, Plaintiff Teagano must demonstrate that: (1) Defendants employed him, (2) either he was engaged in interstate

---

[1] The total amount claimed is one penny more than the total of all claimed damages.

commerce or Defendants were an enterprise engaged in interstate commerce, and (3) he was not paid minimum and overtime wages. *See, e.g.*, *Moore v. King Game, Inc.*, No. 19-21391-CIV, 2021 WL 4295400, at *2 (S.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 19-21391-CIV, 2021 WL 4290870 (S.D. Fla. Sept. 21, 2021); *Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 682 (M.D. Fla. 2008); *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021). To establish an FLSA claim for late payments, Plaintiff Teagano must demonstrate that Defendants failed to pay him within a reasonable time after the end of a pay period. *See, e.g.*, *Del Rosario v. Lab. Ready Se., Inc.*, 124 F. Supp. 3d 1300, 1313 (S.D. Fla. 2015) ("[A]n employer must pay its employees within a reasonable time after the end of the pay period."). The Complaint meets each of these requirements.

Specifically, by their default, Defendants have admitted the following well-pled allegations in the Complaint. First, Plaintiff Teagano alleges that Defendants were his employers and that Defendant Kaiser had operational control over Defendants Fit Food Fresh and Skystar Marketing, DE 1 ¶¶ 11–12, 14, which makes Defendant Kaiser jointly and severally liable under the FLSA. *See Wallace*, 247 F.R.D. at 682 (explaining that a corporate officer with operational control of a corporation is an employer along with the corporation and is jointly and severally liable for any FLSA violations). Second, Plaintiff Teagano avers that enterprise coverage exists on account of Defendants Fit Food Fresh and Skystar Marketing having over $500,000 in gross sales or business generated and employees who handle, sell, or otherwise work on goods or materials that were moved in or produced for commerce, such as computers, phones, pens, and paper.[2] DE 1 ¶¶ 5–10, 13; *see Polycarpe v. E&S*

---

[2] Although Plaintiff Teagano only alleged, upon information and belief, that Defendants Fit Food Fresh and Skystar Marketing generated over $500,000 in gross revenue annually, such an allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *Williams v. Core Energy Inc.*, No. 1:22-21570-Civ, 2023 WL 5677543, at *4 (S.D. Fla. Aug. 3, 2023) ("To meet the second element, a plaintiff may simply allege that on 'information and belief' the enterprise has an annual gross revenue of at least $500,000."), *report and recommendation adopted*, No. 22-21570-CV, 2023 WL 5676896 (S.D. Fla. Sept. 4, 2023); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan.

*Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done." (quotation marks omitted)); *see, e.g.*, *Certain v. Van Horst Gen. Contractors, LLC*., No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) ("Plaintiffs' allegation that Defendant had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction is adequate at the pleading stage for the first prong of enterprise coverage." (citation omitted)); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018) (concluding that plaintiff's enterprise coverage claim—which alleged that defendant's employees used tools and equipment including computers, pens, and paper that were moved in or produced for commerce—was sufficient to survive motion to dismiss). Lastly, Plaintiff Teagano asserts that Defendants failed to pay him minimum and overtime wages and also that Defendants regularly paid him late. DE 1 ¶¶ 19–22. Accordingly, the Court finds that Plaintiff Teagano has established Defendants' liability for the violations of the FLSA that he pleads.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines

---

11, 2010) (finding information and belief allegation about gross revenue of defendants sufficient for plaintiff to demonstrate enterprise coverage and noting that the issue of defendants' gross sales "are issues more appropriately determined at the summary judgment stage"); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").

the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). In making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19- CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted). Having reviewed Plaintiff Teagano's amended affidavit, the Court determines that the record contains sufficient evidence for the Court to ascertain Plaintiff Teagano's damages.

Plaintiff Teagano seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages. Starting with his unpaid minimum wage damages, Plaintiff Teagano claims he worked 46 hours per week for 10.29 weeks, from June 1, 2024, to August 11, 2024, without receiving any wages. DE 16-1 at 1. Therefore, Plaintiff Teagano calculates his $5,680.08 unpaid minimum wage damages as follows: 10.29 weeks x 46 hours per week x $12 per hour = $5,680.08. *Id.*

However, Plaintiff Teagano has only brought an FLSA claim against Defendants to recover unpaid minimum wages. *See* DE 1. As such, Plaintiff Teagano can only recover the federal minimum wage of $7.25 per hour for his unpaid minimum wage damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); *id.* § 206(a)(1)(C) (establishing $7.25 as the federal minimum wage); *see also Sevares v. Am. Pipeline Constr., LLC*, No. 22-CV-21233, 2023 WL 3871524, at *7 (S.D. Fla. Feb. 28, 2023) ("Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. The FLSA does not provide a basis for recovery of

the agreed upon hourly rate of pay in excess of the [federal] minimum wage." (citation omitted)), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 3191256 (S.D. Fla. May 2, 2023); *Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025) ("Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages.  As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour." (citation omitted)), *report and recommendation adopted*, No. 0:24-cv-60999, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025); *Gorman v. Stealth Constr. US, Inc.*, No. 0:24-CV-60763, 2025 WL 580526, at *3 (S.D. Fla. Feb. 5, 2025), *report and recommendation adopted*, No. 0:24-cv-60763, 2025 WL 578502 (S.D. Fla. Feb. 21, 2025). Accordingly, the Court only recommends awarding Plaintiff Teagano $3,431.72 in unpaid minimum wage damages (10.29 weeks x 46 hours per week x $7.25 federal minimum wage = $3,431.72).

Turning now to Plaintiff Teagano's unpaid overtime wage damages, Plaintiff Teagano asserts that his regular hourly rate was $32.11 per hour, which means that his overtime hourly wage was $48.16 per hour.[3] *See* DE 16-1 at 2; 29 U.S.C. § 207(a)(1) (entitling employee to compensation at one and one-half times the employee's regular rate for any hours worked in excess of forty hours per week). For the time period of April 1, 2024, to May 31, 2024, Plaintiff Teagano claims that he worked 6 hours of overtime per week for 8.71 weeks while receiving his $32.11 regular hourly rate. DE 16-1 at 2. As such, Plaintiff Teagano is entitled to $838.77 in unpaid overtime wages for this time period (8.71 weeks x 6 hours per week x ($48.16 overtime wage – $32.11 regular hourly wage paid) = $838.77). For the time period of June 1, 2024, to August 11, 2024, Plaintiff Teagano claims that he worked 6 hours of overtime per week for 10.29 weeks while being paid nothing. *Id.* Thus, Plaintiff Teagano is entitled to $2,525.78 in unpaid overtime wages for this time period (10.29 weeks x 6 hours per week x ($48.16 overtime wage – $7.25 federal minimum wage already awarded for these hours)

---

[3] It appears Plaintiff Teagano did not round up this figure because $32.11 multiplied by 1.5 equals $48.165.

= $2,525.78). In total, the Court recommends awarding Plaintiff Teagano $3,364.55 in unpaid overtime wage damages.

Lastly, regarding his liquidated damages, Plaintiff Teagano is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him his minimum and overtime wages. *See* DE 1 ¶¶ 19–20, 22; *Haliburton*, 2020 WL 13369450, at *2 (awarding plaintiff liquidated damages on default judgment for FLSA claim where defaulting defendants failed to meet their burden of demonstrating that liquidated damages were not warranted); *Pena v. Best Wholesale Grocers, LLC*, No. 23-CV-61116-RAR, 2023 WL 5095492, at *2 (S.D. Fla. Aug. 9, 2023) (explaining that plaintiff is entitled to liquidated damages when a defaulting employer fails to meet its burden of demonstrating that liquidated damages are not warranted). Accordingly, the Court recommends awarding Plaintiff Teagano $6,796.27 in liquidated damages to match the award recommended for his unpaid minimum wage and overtime wage damages. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages.").

Plaintiff Teagano is also entitled to liquidated damages on account of his assertion that Defendants paid him more than 10 days after the end date of a pay period during the time period of April 1, 2024, to May 26, 2024. DE 16-1 at 2 (claiming that, during this time period, Defendants paid him from 3.5 weeks to more than a month after the end of a pay period); *Santiago*, 2023 WL 7129967, at *6 (explaining that employers must pay employees within 10 days after the end date of a pay period in order for a payment to be timely under the FLSA). Plaintiff Teagano seeks $4,180.80 in liquidated damages for late payments and calculates this figure as follows: 8.71 weeks x 40 hours per week x $12 per hour = $4,180.80. DE 16-1 at 3. However, as previously explained, Plaintiff Teagano can only recover the federal minimum wage of $7.25 per hour. *See Frangopoulos v. Saquella Cafe 2024, LLC*, No. 0:24-CV-61054, 2025 WL 1639222, at *5 (S.D. Fla. May 23, 2025) (calculating liquidated

damages for late payment under the FLSA utilizing the federal minimum wage of $7.25 per hour), *report and recommendation adopted*, No. 0:24-CV-61054, 2025 WL 1635373 (S.D. Fla. June 9, 2025). Accordingly, the Court recommends awarding Plaintiff Teagano $2,525.90 in liquidated damages for late payments (8.71 weeks x 40 hours per week x $7.25 federal minimum wage = $2,525.90). In total, the Court recommends awarding Plaintiff Teagano $9,322.17 in liquidated damages and a total damages award of $16,118.44.

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff Teagano's Amended Verified Motion for Default Judgment [DE 16] and entering default judgment against Defendants, jointly and severally, and in Plaintiff Teagano's favor in the total amount of $16,118.44.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 8th day of August, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE